**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| John Fralish, *on behalf of himself and others similarly situated*, | ) Civil Action No.: 3:12-cv-45 ) ) |
| Plaintiff, | ) Jury Trial Demanded ) |
| v. | ) ) |
| Digital Media Solutions Inc., | ) ) |
| Defendant. | ) ) |

## CLASS ACTION COMPLAINT

### Nature of this Action

1. John Fralish ("Plaintiff") brings this class action lawsuit against Digital Media Solutions Inc. ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. Upon information and good faith belief, Defendant routinely and systematically violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

1

5. In particular, Defendant directed its text messages to Plaintiff's telephone in this district, and Plaintiff received Defendant's text messages in this district.

## Parties

6. Plaintiff is a natural person who at all relevant times resided in Mischawaka, Indiana.

7. Defendant is an advertising and marketing corporation headquartered in Clearwater, Florida, and incorporated in Florida.

8. More specifically, Defendant operates in three segments: Brand Direct, Marketplace, and Other. The company operates as a performance marketing engine for companies across various industries, including consumer finance, education, automotive, insurance, home services, brand performance, gig, health and wellness, and career.

9. Defendant builds, hosts, and maintains a portfolio of owned and operated websites in various verticals, such as insurance, education, home services, consumer finance, and automotive; and digital performance marketing solutions for its advertising clients' brand-specific products or services.

## Factual Allegations

10. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number—(312)-283-XXXX.

11. Plaintiff uses his cellular telephone as his personal residential telephone number.

12. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

13. Plaintiff registered his cellular telephone number with the DNC Registry in or around May 2019.

14. On March 18 and 19, 2020, Plaintiff received the following text messages from a 62178 short code on his cellular telephone:



15. Plaintiff received similar text messages from short code 62178 on March 20, 21, 22, 23, 24 (twice), 2020; April 7 (three times), 8, 9, 10, 11, 17 (twice), 2020; October 18 (twice), 19, 20, 21, 24, 26 (twice), 27, 29, 31, 2020; November 1, 3 (twice), 4, 7, 23, 2020; December 13 and 14, 2020; and January 2, 4, 7 and 8, 2021, for a total of at least 40 text messages.

16. On October 22 and 23, 2020, Plaintiff received the following text messages from a 57819 short code on his cellular telephone:

3



17. Plaintiff received similar text messages from short code 57819 on October 25, 28, 30, 2020; November 2, 5, 19, 21, 22 (twice), 24, 25, 26, 2020; and January 3, 6, and 9, 2021, for a total of at least 17 text messages.

18. On January 3, 2021 and January 4, 2021, Plaintiff received the following text messages from short code 80234 on his cellular telephone:

4



19. On November 8 and 9, 2020, Plaintiff received the following text messages from telephone number (608) 315-4797 on his cellular telephone:



20. Lastly, on November 6 and 13, 2020, Plaintiff received the following text messages from telephone number (872) 249-9934 on his cellular telephone:



21. Plaintiff received similar text messages from telephone number (872) 249-9934 on November 14, 15, 17, 20, 27, 28, 29, 30, 2020; December 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 15, 17-25, 28, 29, 31, 2020; and January 1, 5, and 10, 2021, for a total of at least 36 text messages.

22. In total, Plaintiff received in excess of 90 text messages from these telephone numbers, all of which are owned or operated by Defendant.

23. The 57819 short code is a dedicated vanity short code owned by "SearchMyNewJob."[1]

24. The 80234 short code is a dedicated vanity short code owned by "DigitalMedia."[2]

---

[1]    *Id.*

[2]    *See*  https://help.dialpad.com/hc/en-us/articles/115000367103-Short-Codes  (last visited

25. The 62178 short code is a dedicated vanity short code owned by "SimplyGigs."[3]

26. "A short code is a number with fewer digits than a phone number to which a text message can be sent. The five-or six-digit numbers are often promoted in traditional and digital advertising. Companies use these codes to bring customers into the branded experience through voting, surveys, sweepstakes, coupon offers, information updates, loyalty programs and alerts."[4]

27. "A dedicated short code is an SMS short code that is used and paid for exclusively by one brand. A dedicated short code is different from a shared short code, because a shared short code is used and paid for by multiple brands."[5]

28. "A vanity short code, is a 5-6 digit phone number that is specifically selected by a brand, rather than selected at random by the Common Short Code Administration (CSCA)."[6]

29. Some of the links in the text messages delivered by 57819 redirect to the website searchmynewjob.com.

30. "Search My New Job is owned and operated by Digital Media Solutions, LLC."[7]

31. Accordingly, upon information and good faith belief, and in light of the timing, content, and context of the text messages and website links associated with short code 57819, both

---

January 13, 2021).

[3] *Id.*

[4] https://usshortcodes.com/faqs (last visited January 13, 2021).

[5] https://usshortcodedirectory.com/faq/what-is-a-dedicated-short-code/ (last visited January 13, 2021).

[6] https://usshortcodedirectory.com/faq/what-is-a-vanity-short-code/ (last visited January 13, 2021).

[7] *See, e.g.*, https://searchmynewjob.com/about-us (last visited January 13, 2021).

7

"SearchMyNewJob" and the website searchmynewjob.com are affiliated with, owned by, and/or operated by Defendant.

32. Some of the links in the text messages delivered by 80234, 62178, and 57819 also redirect to the websites www.myjobfndr.com and myjobmobile.com.

33. Additionally, the links in the text messages delivered by (608) 315-4797 redirect to the website myjobmobile.com.

34. Finally, some of the links in the text messages delivered by (872) 249-9934 redirect to the website myjobmobile.com

35. Upon information and good faith belief, and in light of the timing, content, and context of the text messages and website links associated with short code 80234, both "DigitalMedia" and the website myjobmobile.com are affiliated with, owned by, and/or operated by Defendant.

36. Upon information and good faith belief, and in light of the timing, content, and context of the text messages and website links associated with short code 62178, SimplyGigs is also affiliated with, owned by, and/or operated by Defendant.

37. Upon information and good faith belief, and in light of the timing, content, and context of the text messages and website links associated with telephone numbers (608) 315-4797 and (872) 249-9934, those telephone numbers are also affiliated with, owned by, and/or operated by Defendant.

38. Plaintiff did not give Defendant prior express consent or prior express written consent to send text messages to his cellular telephone number.

39. Plaintiff is not named Shaniko and does not know anyone named Shaniko.

8

40. Plaintiff was hesitant to respond to these text messages because—based on his prior experience with other unwanted text messages—he was uncertain if responding to those text messages would have any effect, and was concerned that responding would result in even more text messages being delivered to his cellular telephone number.

41. Plaintiff also relied on guidance from the FCC, which advises that consumers who wish to avoid unwanted texts should "not respond to unwanted texts from questionable sources."[8]

42. However, on January 11, 2021, Plaintiff responded to text messages from short codes 57819 and 62178 with "STOP, you have the wrong number."

43. Upon information and good faith belief, and in light of the nature and character of the text messages at issue—standardized, impersonal, and consistent in structure and format—as well as Defendant's statements that it can offer "High-volume results" for its advertising campaigns,[9] the advertisement and marketing text messages at issue were sent by using an automatic telephone dialing system.

44. The text messages at issue were sent for non-emergency purposes.

45. Upon information and good faith belief, the text messages at issue were sent voluntarily.

46. The purpose of the text messages at issue was to advertise and to market Defendant's business or services.

47. Plaintiff did not give Defendant prior express invitation or permission to send advertisement or marketing text messages to his cellular telephone number.

---

[8] https://www.fcc.gov/consumers/guides/stop-unwanted-robocalls-and-texts (last visited January 14, 2021).

[9] https://digitalmediasolutions.com/ad-market (last visited January 13, 2021).

9

48. Plaintiff suffered actual harm as a result of the text messages at issue in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

49. Upon information and good faith belief, Defendant uses an automatic telephone dialing system to send text messages, absent prior express consent or prior express written consent, to telephone numbers assigned to a cellular telephone service.

50. Upon information and good faith belief, Defendant knew, or should have known, that Plaintiff registered his cellular telephone number with the DNC Registry.

## Class Action Allegations

51. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Digital Media Solutions Inc. delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Digital Media Solutions Inc.'s goods or services, (2) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Digital Media Solutions Inc. delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification.

52. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

53. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

54. The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

55. The class is ascertainable because it is defined by reference to objective criteria.

56. In addition, the members of the class are identifiable in that, upon information and

belief, their cellular telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

57. Plaintiff's claims are typical of the claims of the members of the class.

58. As it did for all members of the class, Defendant delivered solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered his cellular telephone number with the DNC Registry.

59. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

60. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

61. Plaintiff suffered the same injuries as the members of the class.

62. Plaintiff will fairly and adequately protect the interests of the members of the class.

63. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

64. Plaintiff will vigorously pursue the claims of the members of the class.

65. Plaintiff has retained counsel experienced and competent in class action litigation.

66. Plaintiff's counsel will vigorously pursue this matter.

67. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

68. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

69. Issues of law and fact common to all members of the class are:

    a. Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

    b. Defendant's practice of delivering text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

    c. Defendant's violations of the TCPA; and

    d. The availability of statutory penalties.

70. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

71. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

72. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

73. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

74. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

75. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

76. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

77. There will be no extraordinary difficulty in the management of this action as a class action.

78. Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(c)(5)

79. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-78.

80. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

81. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

82. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

83. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were

promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

84. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

85. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

86. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e) Enjoining Defendant from continuing its violative behavior, including continuing to deliver solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: January 20, 2021

*/s/ Michael L. Greenwald*
Michael L. Greenwald
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, Florida 33487
Phone: (561) 826-5477
mgreenwald@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*