IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

**JOHN FRALISH, for himself and
all others similarly situated,**
    **Plaintiff,**

CASE NO. 3:21-CV-00045

v.

**DIGITAL MEDIA SOLUTIONS, INC.**
    **Defendant/Third-Party Plaintiff,**

v.

**SHANIKO JOHNSON**
    **Third-Party Defendant.**

_____/

## THIRD-PARTY COMPLAINT

The Defendant/Third-Party Plaintiff, Digital Media Solutions, Inc. ("Defendant/Third-Party Plaintiff" or "DMS")*,* pursuant to Federal Rule of Civil Procedure 14, files this Third-Party Complaint against Third-Party Defendant Shaniko Johnson ("Third-Party Defendant" or "Johnson"), and states as follows:

### NATURE OF THE ACTION

1. On January 20, 2021, plaintiff John Fralish ("Plaintiff" or "Fralish") filed the class action complaint ("Complaint") in the above-captioned action against DMS, alleging that DMS contacted his cellular telephone number ("Phone Number") in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 *et seq.* ("TCPA") and seeks to certify a class of purportedly similarly situated individuals.

2. DMS brings this Third-Party Complaint against Johnson for fraudulent misrepresentation, negligent misrepresentation, breach of contract, contractual indemnity,

common law indemnity, and declaratory judgment.

3. If the Phone Number was contacted as alleged in the Complaint, it was only contacted because Johnson represented that she was the owner of the Phone Number and she wished to be contacted at said Phone Number. Accordingly, to the extent that Johnson made false representations about the Phone Number, then Johnson must pay DMS damages and all attorneys' fees and costs incurred by DMS in defending itself against the claims in Plaintiff's Complaint and all sums DMS might be ordered to pay Plaintiff, if any.

## PARTIES

4. Plaintiff Fralish is a natural person and resident of Mischawaka, Indiana.

5. DMS is a corporation incorporated in Delaware with its principal place of business in Florida.

6. Johnson is a natural person and resident of Illinois, with a permanent address of 9114 S. Euclid Ave., Chicago, IL 60617.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1367 because the state law claims asserted here are within the Court's supplemental jurisdiction, as the third-party claims are related to the suit based on federal question jurisdiction arising under the TCPA.

8. Joinder of these claims is proper pursuant to Fed. R. Civ. P. 14(a)(1) because Third-Party Defendant Johnson is or may be liable to DMS for all or part of the claims asserted against it by Plaintiff.

9. Upon information and belief, Third-Party Defendant Johnson visited website(s) owned and/or operated by DMS or its partners on at least March 17, 2020 from an Internal

Protocol addresses located in Chicago, Illinois, submitted the Phone Number, and represented to DMS and/or its partners that the Phone Number was her telephone number so as to induce that Phone Number, which Plaintiff alleges to be his telephone number, to be contacted in the State of Indiana.

10. Personal jurisdiction over Third Party Defendant Johnson is proper pursuant to Indiana Trial Rule 4.4(A)(8) as her continuing course of conduct of repeatedly and systematically submitting the Phone Number to DMS or its partners' website(s) so that the Phone Number would be contacted in this State had the actual effect of abusing, harassing, and/or disturbing the peace of Plaintiff Fralish in this State.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

12. These allegations do not constitute any admission of any allegation made in the Complaint nor should anything in this third-party action be construed as an admission of any sort.

13. In the Complaint, Plaintiff Fralish, alleges that he received multiple text messages from or on behalf of DMS. *See, e.g.*, Complaint ¶¶ 14-22.

14. Prior to Plaintiff's alleged receipt of those text messages, Johnson visited the websites of DMS or its partners ("Website(s)") on at least March 17, 2020.

15. In connection with visiting the Website(s), Johnson completed registration(s) by providing certain items of personally identifiable information. One such piece of personally identifiable information requested by the Website(s) is a user's telephone number.

16. Johnson submitted the Phone Number which Plaintiff claims to own and which

Plaintiff claims to have received text messages sent by or on behalf of DMS.

17. After submitting the personally identifiable information, including the Phone Number, Johnson provided consent to be contacted via telemarketing calls and text messages directed to the Phone Number by affirmatively populating an unchecked check box stating "I CONFIRM that all my information is accurate and consent to be called and texted as provided above" and subsequently clicking the "CONTINUE" button located directly below the "I CONFIRM" check box.

18. The "I CONFIRM" check box was located directly below the following language:

> BY CHECKING THE BOX BELOW I CONSENT TO RECEIVE MONITORED OR RECORDED PHONE SALES CALLS AND TEXT MESSAGES - MSG AND DATA RATES MAY APPLY - FROM CAC AND OUR MARKETING PARTNERS ON THE LANDLINE OR MOBILE NUMBER I PROVIDED EVEN IF I AM ON A FEDERAL OR STATE DO NOT CALL REGISTRY. I UNDERSTAND THESE CALLS MAY BE GENERATED USING AN AUTODIALER AND MAY CONTAIN PRE-RECORDED MESSAGES AND THAT CONSENTING IS NOT REQUIRED TO PARTICIPATE IN THE OFFERS PROMOTED. FOR SMS MESSAGE CAMPAIGNS: TEXT STOP TO STOP AND HELP FOR HELP. MSG & DATA RATES MAY APPLY. PERIODIC MESSAGES; MAX. 30/MONTH.

19. On January 20, 2021, Plaintiff filed the Complaint against DMS, alleging that DMS sent text messages to the Phone Number in violation of the TCPA.

20. Plaintiff alleges that "Plaintiff did not give Defendant prior express consent or prior express written consent to send text messages to his cellular telephone number." Complaint ¶ 38.

21. If the Phone Number was contacted as Plaintiff alleges, such contact only occurred because Johnson visited the Website(s), submitted the Phone Number, and provided

4

consent to be contacted at the Phone Number.

22. Had Johnson not submitted the Phone Number to the Websites and consented to be contacted at the Phone Number, the Phone Number would never have been contacted.

23. Accordingly, to the extent that Johnson made false representations about the Phone Number, then Johnson must pay to DMS as damages all fees and costs incurred by DMS in defending itself against the claims in the Complaint and all sums DMS is ordered to pay Plaintiff and any putative class member, if any.

24. Upon information and belief, in addition to providing consent to be contacted at the Phone Number, Johnson also agreed to the Website(s)' terms and conditions. Upon information and belief, among the terms to which Johnson agreed to was an indemnification provision.

25. DMS has satisfied all conditions precedent for asserting the following claims against Johnson.

## FIRST CAUSE OF ACTION
## (FRAUDULENT MISREPRESENTATION)

26. DMS repeats and incorporates by reference the allegations set forth in paragraphs 1 through 25 above as if fully set forth herein.

27. Johnson visited the Website(s) and provided prior express written consent to be contacted at the Phone Number by affirmatively populating an unchecked check box and confirming that the Phone Number was the number at which she could be reached.

28. In connection with Plaintiff's alleged receipt of text messages directed to the Phone Number, Plaintiff alleges in the Complaint that he did not consent to be contacted at such Phone Number.

29. Accordingly, Johnson made a material misrepresentation to DMS and/or its

partners by submitting the Phone Number on the Website(s) as a phone number belonging to her and one at which she consented to be contacted.

30. Johnson knew that this representation was false at the time it was made or made the misrepresentation recklessly and without regard for its truth.

31. Johnson intended that such misrepresentation be relied upon and that one or more phone calls and/or text messages would be sent to the Phone Number as a result.

32. Johnson made the misrepresentation with the intent to deceive and defraud the entities to which prior express written consent was provided to contact her at the Phone Number, including DMS.

33. DMS relied on Johnson's misrepresentation, and the Phone Number would not have been contacted if Johnson had not submitted the Phone Number on the Website(s) and consented to be contacted at that number.

34. The reliance by DMS was reasonable and justified.

35. As a direct and proximate result of the misrepresentations made by Johnson, DMS has sustained or will sustain damages in an amount to be determined at trial, including (a) the attorneys' fees and costs incurred by DMS in defending itself against the claims in the Complaint, and (b) all sums DMS may be ordered to pay Plaintiff or any putative class member in connection with claims alleged in the Complaint, if any.

36. Johnson misled DMS with malice, fraud and oppression, and in conscious disregard of the rights of DMS. Accordingly, DMS are also entitled to recover exemplary damages from Johnson in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (NEGLIGENT MISREPRESENTATION)

37. DMS repeats and incorporates by reference the allegations set forth in paragraphs

6

1 through 36 above as if fully set forth herein.

38.     Johnson represented that the Phone Number was her telephone number and provided prior express consent to be contacted at the Phone Number on at least March 17, 2020.

39.     At the time that the representations were made, Johnson knew or should have known that the representation that the Phone Number was her telephone number was false.

40.     In making the representations, Johnson knew or should have known that the representations would induce the entities to which she provided prior express written consent to attempt to contact her at the Phone Number, including DMS.

41.     DMS reasonably relied on the representations made by Johnson.

42.     The representations made by Johnson caused the Phone Number to be contacted.

43.     As a result of the negligent misrepresentations, DMS has suffered damages, including damages incurred as a result of Plaintiff's lawsuit, including the amount of any judgment entered in favor of Plaintiff or any putative class member against DMS, as well as DMS's attorneys' fees and costs incurred in defendants Plaintiff's lawsuit.

## THIRD CAUSE OF ACTION
## (BREACH OF CONTRACT)

44.     DMS repeats and incorporates by reference the allegations set forth in paragraphs 1 through 43 above as if fully set forth herein.

45.     When Johnson provided the Phone Number to the Website(s) and consented to be contacted, she confirmed that all information she provided, including the Phone Number, was accurate.

46.     To the extent that the Phone Number belonged to Plaintiff and not Johnson at the time that she submitted that information to the Website(s), the information submitted by Johnson was not accurate.

7

47. By virtue of the foregoing, Johnson materially breached the agreement.

48. Moreover, in connection with her visit(s) to the Website(s), Johnson agreed to be contacted at the Phone Number and had a duty to accept solicitations at the Phone Number consistent with such consent, without negating the benefit conferred upon Johnson by DMS.

49. Johnson breached this duty by submitting the Phone Number to the Website(s), consenting to be contacted at the Phone Number, and falsely representing that the Phone Number was her telephone number.

50. DMS failed to receive the benefit of the bargain because Johnson never intended to allow DMS to have a proper bargained-for exchange of consideration.

51. DMS has performed all of the obligations on its part to be performed under the agreement.

52. As a proximate result of the Johnson's breach of the terms and conditions, DMS has sustained monetary damages, in the amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (DECLARATORY JUDGMENT)

53. DMS repeats and incorporates by reference the allegations set forth in paragraphs 1 through 52 above as if fully set forth herein.

54. Johnson's submission of the Phone Number to the Website(s), representations that the Phone Number was her telephone number, warranty that the information she submitted to the Website(s) was accurate, and provision of consent to be contacted at the Phone Number despite knowing or having reason to know that the Phone Number was not her telephone number, was negligent or willful misconduct and/or a breach of the Website(s) terms and conditions.

55. The Website(s)' terms and conditions to which Johnson agreed obligated Johnson to indemnify, hold harmless, and defend DMS from claims and losses arising from her breach of

the terms, and/or negligent or willful misconduct.

56. Johnson has failed to honor the foregoing indemnity obligations.

57. By reason of the foregoing, an actual and justifiable controversy exists between DMS and Johnson as to her duties and obligations under the agreement between the parties.

58. Accordingly, DMS seeks a declaratory judgment that Johnson is responsible (a) to defend and hold DMS harmless from all damages and costs incurred in DMS's defense of the claims of Plaintiff and any putative class member; (b) for verdicts and judgments, if any, against DMS as a result of the claims of Plaintiff and any putative class member; and (c) any reasonable settlement entered into by DMS.

## FIFTH CAUSE OF ACTION
## (CONTRACTUAL INDEMNIFICATION)

59. DMS repeats and incorporates by reference the allegations set forth in paragraphs 1 through 58 above as if fully set forth herein.

60. In connection with Johnson's visits to the Website(s), she manifested assent and agreed to the Website(s)' terms and conditions.

61. Among the terms to which Johnson agreed was a contractual indemnification provision pursuant to which she agreed to indemnify, hold harmless and defend DMS from and against any action, cause, claim, damage, debt, demand or liability, including reasonable costs and attorney's fees, asserted by any person or entity, arising out of or relating to the Website(s)' terms & conditions and/or any alleged or threatened breach; her use of the Website(s); any unacceptable or objectionable use of the Website(s) by Johnson; or any negligent or willful misconduct.

62. Johnson's submission of the Phone Number to the Website(s), representation that the Phone Number was her telephone number, warranty that the information she submitted to the

9

Website(s) was accurate, and provision of consent to be contacted at the Phone Number despite knowing or having reason to know that the Phone Number was not her telephone number, was negligent or willful misconduct and/or a breach of the Website(s)' terms and conditions.

63. Plaintiff's claims for relief against DMS for alleged violation of the TCPA arise out of Johnson's use of the Website(s), negligent or willful misconduct, and/or breach of the terms and conditions.

64. Plaintiff's claims for relief against DMS for alleged violation of the TCPA are claims contemplated by the parties in the indemnification provision to which Johnson agreed.

65. Accordingly, Johnson owes a contractual duty to indemnify, hold harmless and defend DMS from Plaintiff's claims.

66. Furthermore, Plaintiff would not seek to represent a putative class of like members but for Johnson's use of the Website(s), negligent or willful misconduct, and/or breach of the terms and conditions.

67. As a result, Johnson owes a contractual duty to indemnify, hold harmless and defend DMS from Plaintiff's claims.

68. By reason of the foregoing, DMS is entitled to complete indemnification by Johnson for any sum or sums for which DMS incurs as a result of the claims of Plaintiff or any putative class member, with costs of defense, costs of suits, and reasonable attorneys' fees.

### SIXTH CAUSE OF ACTION
### (COMMON LAW INDEMNIFICATION)

69. DMS repeats and incorporates by reference the allegations set forth in paragraphs 1 through 68 above as if fully set forth herein.

70. The liability, if any, that DMS may have to any person or entity relating to the subject text messages alleged to be in violation of the TCPA is the result, in whole or in part, of

the acts or omissions of Johnson.

71. DMS is without any fault in causing Plaintiff's alleged damages.

72. The alleged unlawful text messages to the Phone Number, which Plaintiff alleges to be his phone number, is primarily the direct and proximate result of the actions, omissions, and/or conduct of Johnson.

73. Should Plaintiff, or any putative class member who Plaintiff seeks to represent, be awarded any sums, including any damages, costs, or attorneys' fees against DMS, any such liability on the part of DMS results from the acts, omissions, and/or conduct of Johnson.

74. Accordingly, Johnson should be held to indemnify DMS for all amounts for which DMS may be liable to Plaintiff, or any putative class member who Plaintiff seeks to represent, including any damages, costs, attorneys' fees, or any other sums DMS is assessed as well as to pay for the costs and fees incurred by DMS in defending Plaintiff's lawsuit and costs and fees incurred in pursuing indemnification from Johnson.

75. Indiana Trial Rule 14 permits a claim for common law indemnification to be asserted contemporaneously with Plaintiff's claims for damages against Defendants/Third-Party Plaintiffs.

**Wherefore**, the Defendant/Third-Party Plaintiff, Digital Media Solutions, Inc., prays for judgement against Third-Party Defendant Johnson, as follows:

1. For damages in an amount to be determined at trial;
2. Declaring that DMS is entitled to fully indemnified and held harmless by Johnson (a) for all damages and costs incurred by DMS's defense of Plaintiff's claims or the claims of any putative class member; (b) for verdicts and judgments, if any, against DMS as a result of the claims of Plaintiff or any putative class member; (c) for any reasonable

settlement entered into by DMS; and (d) for any such further relief as this Court deems just and proper;

3. For all costs and expenses incurred by DMS in connection with the defense of the claims of Plaintiff and/or the claims of any putative class member(s) and in prosecution of the Third-Party Complaint;

4. For attorneys' fees on DMS's claims as may be allowed by statute or otherwise; and

5. For such other relief as this Court may deem just and proper.


Dated: March 30, 2021            Respectfully submitted,

DIGITAL MEDIA SOLUTIONS, INC.

By: _____/s/ John Fitzpatrick_____

John D. Fitzpatrick

John D. Fitzpatrick
MANDELL MENKES LLC
1 North Franklin Street, Suite 3600
Chicago, IL 60606
Telephone: (312) 251-1000
ARDC No. 6277475
Email: jfitzpatrick@mandellmenkes.com

*Attorney for Digital Media Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of Defendant's Third Party Complaint was served on March 30, 2021 to the following attorney of record for the Plaintiff via ECF:

Michael L. Greenwald
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, FL 33431
*mgreenwald@gdrlawfirm.com*

/s/ John D. Fitzpatrick