# EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| JOHN FRALISH, *on behalf of himself and others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| DIGITAL MEDIA SOLUTIONS, INC., | ) ) |
| Defendant/Third-Party Plaintiff, | ) ) ) ) |
| v. | ) ) |
| SHANIKO JOHNSON, | ) ) |
| Third-Party Defendant. | ) ) ) |

CAUSE NO. 3:21-CV-00045 JD-MGG

## PLAINTIFF'S INITIAL DISCOVERY REQUESTS TO DIGITAL MEDIA SOLUTIONS, INC.

Pursuant to Fed. R. Civ. P. 33, 34, and 36, John Fralish ("Plaintiff") requests that Digital Media Solutions, Inc. ("Defendant") answer and respond to the following interrogatories, requests for production, and requests for admission, under oath, and within thirty days.

### Definitions

A. The terms "communicate" and "communication" include every manner of transmitting or receiving information, opinions, or thoughts from one person to another person, whether made or accomplished orally or by document or by electronically stored information, whether face-to-face, by telephone, text message, mail, email, facsimile, personal delivery, or otherwise, including, words transmitted by telephone or voice recording.

B. The phrase "discovery request" includes interrogatories, requests for production of documents and electronically stored information, and requests for admission.

C. The term "document" means that as defined by the Federal Rules of Civil Procedure.

D. "Electronically stored information" means that as defined by the Federal Rules of Civil procedure.

1

E. The term "express written consent" means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

F. The term "records" means all documents, electronically stored information, and data, maintained in the regular course of business.

G. Should a specific term be undefined, and should Defendant feel the term is ambiguous, please contact Plaintiff's counsel for clarification, or refer to the definition of the term as listed in the Merriam-Webster dictionary.

### Relevant Time Period

The relevant time period for Plaintiff's discovery requests, unless otherwise indicated, begins on January 20, 2017 and continues through the present.

### Interrogatories

1. Identify each person who participated in Defendant's communications, or attempted communications, with Plaintiff, or with telephone number (312) 283-▇

2. Identify each entity that participated in the text messages identified in Plaintiff's complaint, and their relationship with Defendant.

3. Identify each communication, or attempted communication, between Defendant and Plaintiff, or between Defendant and telephone number (312) 283-▇

4. Identify the hardware and software Defendant used in connection with communications, or attempted communications, with Plaintiff, or with telephone number (312) 283-▇

5. Identify how, why, when, from whom, and for what purpose Defendant obtained or procured telephone number (312) 283-▇

6. Identify the reason(s) Defendant sent, or caused to be sent, each of the text messages it sent to Plaintiff, or to telephone number (312) 283-▇

7. Identify any relationship Defendant has, or had, with Plaintiff, in connection with which Plaintiff could have provided his cellular telephone number to Defendant.

8. Identify the number of unique telephone numbers to which Defendant sent, or caused to be sent, more than one text message within a 12-month period.

9. Identify the number of unique telephone numbers to which Defendant sent, or caused to be sent, more than one advertising or telemarketing text message within a 12-month period.

10. Identify the number of unique telephone numbers to which Defendant sent, or caused to be sent, more than one text message in a 12-month period, in the same form or template as the text messages Defendant sent, or caused to be sent, to telephone number (312) 283-▮.

11. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-10, for how many of them do Defendant's records show that (a) a called/texted party was not the person Defendant intended to reach by sending a text message to one of the telephone numbers, or (b) that a person associated with one of the telephone numbers indicated that Defendant contacted the wrong person or telephone number, or (c) that a person associated with one of the telephone numbers instructed Defendant to stop sending text messages?

12. For the telephone numbers Defendant identifies through its answer to interrogatory nos. 8-11, how many of them had been registered with the National Do Not Call Registry for at least thirty days before Defendant delivered, or caused to be delivered, the first of at least two text messages within a 12-month period?

13. Identify the number of persons or unique telephone numbers that fall within the class definition found at paragraph 51 of Plaintiff's class action complaint. ECF No. 1.

14. Identify the number of text messages that Defendant sent, or caused to be sent, to the persons or telephone numbers that fall within the class definition found at paragraph 51 of Plaintiff's class action complaint.

15. Describe Defendant's efforts to verify or confirm that telephone number (312) 283-▮ was assigned to the intended recipient of Defendant's text messages.

16. Describe Defendant's efforts to verify or confirm that telephone number (312) 283-▮ was on the National Do Not Call Registry.

17. Identify all telephone numbers and/or short code telephone numbers Defendant used to deliver text messages to Plaintiff, or to telephone number (312) 283-▮.

18. Describe Defendant's association with telephone numbers (872) 249-9934 and (608) 315-4797, and short codes 57819, 62178, and 80234.

### Requests for Production

1. Documents and electronically stored information referred to, or consulted, in the preparation of Defendant's answers and responses to Plaintiff's discovery requests.

2. Records that Defendant associates with Plaintiff, or with telephone number (312) 283-▮.

3

3. Documents and electronically stored information relating to any relationship Defendant has, or had, with Plaintiff, in connection with which Plaintiff could have provided his cellular telephone number to Defendant.

4. Documents and electronically stored information sufficient to identify each communication, or attempted communication, between Defendant and Plaintiff, or between Defendant and telephone number (312) 283-■■■■

5. Documents and electronically stored information sufficient to identify the hardware and software Defendant used in connection with communications, or attempted communications (including all text messages), with Plaintiff, or with telephone number (312) 283-■■■■

6. Documents and electronically stored information sufficient to identify any system, practice, procedure, or method that Defendant maintained, operated, or employed, to record, document, or otherwise memorialize communications, or attempted communications (including all text messages), between Defendant and Plaintiff, or between Defendant and telephone number (312) 283-■■■■

7. Documents and electronically stored information sufficient to identify the telephone numbers to which Defendant sent, or caused to be sent, text messages.

8. Documents and electronically stored information sufficient to identify the telephone numbers to which Defendant sent, or caused to be sent, more than one text message within a 12-month period.

9. Documents and electronically stored information sufficient to identify the telephone numbers to which Defendant sent, or caused to be sent, more than one advertising or telemarketing text message within a 12-month period.

10. Documents and electronically stored information sufficient to identify the telephone numbers to which Defendant sent, or caused to be sent, more than one text message in a 12-month period, in the same form or template as the text messages Defendant sent, or caused to be sent, to telephone number (312) 283-■■■■

11. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-10 and request for production nos. 7-10, documents and electronically stored information sufficient to identify the telephone numbers for which Defendant's records show that (a) a called party was not the person Defendant intended to reach by sending a text message to one of the telephone numbers, or (b) that a person associated with one of the telephone numbers indicated that Defendant contacted the wrong person or telephone number, or (c) that a person associated with one of the telephone numbers instructed Defendant to stop sending text messages.

12. For the telephone numbers identified through its answers to interrogatories nos. 8-11, and through documents and electronically stored information responsive to request for production nos. 7-11, documents and electronically stored information sufficient to identify names, addresses, and additional contact information that Defendant has for persons Defendant associates with the telephone numbers.

13. Documents and electronically stored information sufficient to identify the persons or telephone numbers that fall within the class definition found at paragraph 51 of Plaintiff's class action complaint.

14. Documents and electronically stored information sufficient to identify the text messages that Defendant sent, or caused to be sent, to persons or telephone numbers that fall within the class definition found at paragraph 51 of Plaintiff's class action complaint.

15. Documents and electronically stored information that reference the manner by which Defendant determines whether a telephone number to which it sends, or causes to be sent, a text message, is assigned to a cellular telephone service.

16. Policies, practices, and procedures that Defendant used to avoid violations of the Telephone Consumer Protection Act ("TCPA").

17. Policies, practices, and procedures that Defendant used to confirm or verify that the telephone numbers to which it sends text messages are assigned to the intended recipients of said text messages.

18. Policies, practices, and procedures that Defendant used to determine whether the telephone numbers to which it sends text messages are on the National Do Not Call Registry.

19. Policies, practices, and procedures that Defendant used in response to a consumer's instruction that Defendant (1) stop delivering text messages to their telephone number, or (2) is delivering text messages to the wrong person or telephone number.

20. Statements, declarations, or affidavits prepared or received in connection with this litigation.

21. Documents and electronically stored information sufficient to identify any vendors or other third parties who sent, or caused to be sent, text messages, on behalf of Defendant, to Plaintiff or (312) 283-▮▮▮▮.

22. Documents and electronically stored information sufficient to identify Defendant's document and electronically stored information retention and destruction policies and procedures, as well as any changes in those policies or procedures, as they relate to documentation of text messages Defendant sent, or caused to be sent.

5

23. Documents and electronically stored information referencing complaints from persons about text messages Defendant sent, or caused to be sent, without prior express written consent.

24. Documents and electronically stored information concerning Defendant's use of or association with short codes 80234, 57819, and 62178.

25. Documents and electronically stored information concerning Defendant's use of or association with telephone numbers (608) 315-4797 and (872) 249-9934.

26. Documents and electronically stored information sufficient to identify telephone numbers (including short codes) used by Defendant to advertise or telemarket to consumers.

27. Documents and electronically stored information sufficient to identify any other subsidiaries or parent companies of Defendant—whether wholly or partly owned—associated with the sending of advertising or telemarketing text messages to consumers.

28. Documents and electronically stored information evidencing any contracts or agreements between Defendant and Search My New Job.

29. Documents and electronically stored information evidencing any contracts or agreements between Defendant and Ytel.

30. Documents and electronically stored information evidencing any contracts or agreements between Defendant and SimplyGigs.

31. Documents and electronically stored information concerning Defendant's use of or association with the websites www.searchmynewjob.com; www.myjobfndr.com; and myjobmobile.com.

32. Documents evidencing express written consent Defendant contends it received from Plaintiff to send text messages to his cellular telephone number.

33. Documents evidencing express written consent Defendant contends it received regarding telephone number (312) 283-▇▇▇▇.

34. Documents evidencing express written consent Defendant contends it received to send text messages to the persons or telephone numbers that fall within the class definition found at paragraph 51 of Plaintiff's class action complaint.

35. Documents evidencing express written consent Defendant contends it received to send text messages to the telephone numbers identified through its answers to interrogatories nos. 8-12, and through documents and electronically stored information responsive to request for production nos. 7-11.

36. All documents regarding Shaniko Johnson, including all communications to or from Shaniko Johnson.

37. All communications with Fluent, Inc. or Deliver Technology, LLC regarding this lawsuit, Shaniko Johnson, Plaintiff, or telephone number (312) 283-▮▮▮▮.

38. Internal do-not-call lists Defendant maintains as a result of unsubscribe or "stop" requests sent in response to text messages from, or on behalf of, Defendant.

## Requests for Admission

1. Admit that Defendant sent, or caused to be sent, more than one text message to telephone number (312) 283-▮▮▮▮ in the year 2020.

2. Admit that Defendant sent, or caused to be sent, more than one text message to telephone number (312) 283-▮▮▮▮ in the year 2021.

3. Admit that Plaintiff did not provide express written consent to Defendant to send text messages to telephone number (312) 283-▮▮▮▮.

4. Admit that Defendant does not have a written or electronic document from Plaintiff in which he gave express written consent for Defendant to send, or cause to be sent, text messages to telephone number (312) 283-▮▮▮▮.

5. Admit that Defendant sent, or caused to be sent, more than one text message to telephone number (312) 283-▮▮▮▮ in the year 2020 for the purpose of telemarketing.

6. Admit that Defendant sent, or caused to be sent, more than one text message to telephone number (312) 283-▮▮▮▮ in the year 2021 for the purpose of telemarketing.


Dated: April 8, 2021              Respectfully submitted,

                                  */s/ Michael L. Greenwald*
                                  Michael L. Greenwald
                                  Greenwald Davidson Radbil PLLC
                                  7601 N. Federal Highway, Ste. A-230
                                  Boca Raton, Florida 33487
                                  (561) 826-5477
                                  mgreenwald@gdrlawfirm.com

                                  *Counsel for Plaintiff and the proposed class*

## CERTIFICATE OF SERVICE

I certify that on April 8, 2021, I served a copy of the foregoing, by email, on counsel for Defendant:

John D. Fitzpatrick
Mendell Menkes LLC
1 North Franklin Street, Suite 3600
Chicago, Illinois 60606
jfitzpatrick@mandellmenkes.com

>*/s/ Michael L. Greenwald*
>Michael L. Greenwald